UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERA SHAEFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC, and UNIVERSAL AUTO GROUP I, INC. d/b/a TACOMA DODGE CHRYSLER JEEP,<br><br>Defendants. | Cause No.<br><br>**DEFENDANT JIREH HOLDINGS, LLC'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Jireh Holdings, LLC d/b/a Northwest Retirement Plan Consultants, LLC ("NWRPC")[1] hereby removes the above-captioned action, *Tera Shaeffer, individually and on behalf of all others similarly situated v. Jireh Holdings, LLC d/b/a Northwest Retirement Plan Consultants, LLC, and Universal Auto Group I, Inc., d/b/a Tacoma Dodge Chrysler Jeep,* Case No. 25-2-08462-6 (the

---

[1] As Plaintiff acknowledges, Jireh Holdings, LLC is a dissolved limited liability company. Compl. ¶¶ 14–15.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 1

"State Court Action"), from the Superior Court of Pierce County, Washington to the United States District Court for the Western District of Washington. NWRPC hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class includes more than 100 members, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for original jurisdiction and removal and is timely and properly removed by the filing of this Notice.

**VENUE**

2. The State Court Action was filed in Pierce County, Washington. Therefore, venue properly lies in the United States District Court for the Western District of Washington. *See* 28 U.S.C. §§128(b), 1391.

**PLEADINGS, PROCESS, AND ORDERS**

3. On or about May 9, 2025, Plaintiff Tera Shaeffer ("Plaintiff") filed the State Court Action, individually and on behalf of all persons she claims to be similarly situated. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders (including the Summons and Complaint) served upon NWRPC in the State Court Action are attached as **Exhibit A** to this Notice. A true and correct copy of the docket in the State Court Action is attached

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

as **Exhibit B** to this Notice. A true and correct copy of all filings in the State Court Action are attached as **Exhibit C** to this Notice.

4. According to the allegations in the Complaint, Plaintiff and the members of the putative class she purports to represent are current or former employees of NWRPC's clients, such as Defendant Universal Auto Group I, LLC, d/b/a Tacoma Dodge Chrysler Jeep ("Universal Auto Group"), whose information was potentially impacted in a cyberattack impacting NWRPC.[2] *See generally* Compl.

5. The Complaint alleges seven counts: (1) negligence against NWRPC; (2) negligence against Universal Auto Group; (3) breach of implied contract against Universal Auto Group; (4) unjust enrichment against NWRPC; (5) unjust enrichment against Universal Auto Group; (6) alleged violations of the Washington Consumer Protection Act, RCW § 19.86.010, *et seq.*, against NWRPC; and (7) alleged violations of the Washington Consumer Protection Act, RCW § 19.86.010, *et seq.*, against Universal Auto Group.

## SERVICE ON THE STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Western District of Washington, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of Pierce County, Washington.

---

[2] Because NWRPC is removing this case under CAFA, Universal Auto Group is not required to consent to removal. *See* 28 U.S.C. § 1453(b).

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TIMELINESS OF REMOVAL**

7. NWRPC was served with a copy of the Summons and Complaint on May 12, 2025. This Notice has been filed within thirty (30) days after NWRPC was served with a copy of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

**ORIGINAL JURISDICTION PURSUANT TO CAFA**

8. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). As set forth more fully below, this is a civil putative class action wherein: (1) the proposed classes contain at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; and (4) the total amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As discussed below, this case meets each CAFA requirement for removal.

*The Proposed Classes Contain At Least 100 Members in the Aggregate*

9. Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that she "brings this action individually and on behalf of all persons similarly situated, pursuant to Civil Rule 23(a), 23(b)(1), 23(b)(2), and 23(b)(3)." Compl. ¶ 129. This meets CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

10. Plaintiff purports to bring claims on behalf of a putative class of individuals she defines as: "All individuals in the United States whose PII was disclosed in the Data Breach (the 'Class')." Compl. ¶ 130 (the "Putative Class").

11. Plaintiff alleges that the Putative Class is "so numerous that joinder of all members is impracticable" and brings claims on behalf of "thousands" of individuals. Compl. ¶¶ 134, 246.

12. Based on Plaintiff's allegations in the Complaint, CAFA's 100-person requirement is satisfied. *See Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1140 (9th Cir. 2013) (holding numerosity requirement met based on allegation referencing "hundreds of affected customers"); *see also Tompkins v. Basic Research LLC*, No. S-08-244, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (holding CAFA numerosity satisfied because the allegation of a class of "thousands of persons" implies "a logical minimum of 2,000 class members").

### *Minimal Diversity Exists*

13. CAFA's diversity requirement is satisfied when at least one member of the Putative Class is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A), § 1453.

14. Jireh Holdings, LLC is a limited liability company organized under the law of Washington, with its principal place of business in Washington. *See* Compl. ¶ 14 (alleging that "Defendant Jireh Holdings, LLC is a dissolved Washington limited liability company with its principal place of business located [in] Puyallup, WA. . . . At all times relevant to this Complaint, Jireh Holdings, LLC has been doing business as Northwest Retirement Plan Consultants, LLC"). As a result, for purposes of diversity of citizenship, that entity is a citizen of Washington.[3]

---

[3] It is not necessary to allege the citizenship of co-Defendant Universal Auto Group I, Inc. to demonstrate that minimal diversity exists, but Universal Auto Group I, Inc. is a Washington

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it was organized"); *see Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (collecting cases).

15. Plaintiff alleges that she is a citizen of Washington. Compl. ¶ 13. The Putative Class includes additional individuals who are citizens of states other than Washington. For example, Jennifer Lehuta is a citizen of Montana who filed a separate action against NWRPC in the Superior Court of Pierce County, Washington, and is a Putative Class member in this case because she alleges that her personal information was disclosed in the NWRPC cyberattack. *See* Compl., *Lehuta v. Jireh Holdings, LLC, d/b/a Northwest Retirement Plan Consultants, LLC*, Case No. 25-2-09106-1 (Super. Ct. Pierce Cnty., Wash.) ¶¶ 19, 26, attached as **Exhibit D**.

16. CAFA's minimal diversity requirement is met here because at least one member of the Putative Class is a citizen of a state other than Washington, and NWRPC is a citizen of Washington. Therefore at least one member of the Putative Class is a citizen of a State different from any defendant.

### *No Defendant is a Governmental Entity*

17. Defendant NWRPC is not a state, state official, or other governmental entity.

18. Defendant Universal Auto Group is not a state, state official, or other governmental entity.

---

corporation with its principal place of business in Tacoma, Washington. It is therefore a citizen of Washington.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*[4]

19. The "matter in controversy" exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also* W.D. Wash. LCR 101(a).

20. "To meet CAFA's amount-in-controversy requirement," a defendant need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis in original)). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id.* "[T]his includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id.* (internal citation omitted).

---

[4] Though NWRPC disputes that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff and the members of the Putative Class can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) ("[T]he defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. . . We have therefore made it clear that when calculating the amount in controversy, 'the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.'"); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

21. Where, as here, the Complaint does not state the amount in controversy, the Notice of Removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

22. Although Defendant does not concede (and in fact denies) liability on Plaintiff's claims and disputes that a class action could ever by certified here, assuming Plaintiff's allegations to be true for purposes of removal only, Plaintiff's class claims place in controversy an amount greater than $5,000,000, exclusive of interest and costs.

23. The Complaint seeks to recover on behalf of Plaintiff and the Putative Class, among other things, "[t]he retail cost of credit monitoring and identity theft monitoring," which Plaintiff alleges "is [a] reasonable and necessary cost to protect Class Members from the risk of identity theft that arose from the Data Breach." Compl. ¶ 113; *see also id.* at Prayer for Relief ¶ D (seeking actual and compensatory damages).

24. The cost of providing the Putative Class with the requested credit monitoring services is properly included in the amount in controversy. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *7 (W.D. Wash. Aug. 2, 2022) (holding defendants satisfied CAFA amount-in-controversy threshold "with consideration of credit monitoring alone"); *Porras v. Sprouts Farmers Mkt., LLC*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (including credit monitoring costs in amount in controversy). According to Plaintiff's allegations, "[t]he retail cost of credit monitoring and identity theft monitoring can cost around $200 a year per Class Member." Compl. ¶ 113. And Plaintiff asserts that each member of the Putative Class must bear this cost "for a minimum of five years." *Id.* Thus, Plaintiff alleges that each member of the Putative Class will incur a minimum of $1,000 in out-of-pocket expenses

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 8

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

that they "would not need to bear but for Defendants' failure to safeguard their PII" and for which they seek recovery in this lawsuit. *See id.*

25. Based on Plaintiff's allegations above, the cost of providing credit monitoring services to a Putative Class of 5,000 or more individuals places the amount in controversy above CAFA's $5,000,000 minimal threshold, exclusive of interest and costs.[5] NWRPC's records indicate that greater than 10,000 individuals' PII was involved in the NWRPC cyberattack; thus, there are more than 10,000 Putative Class members. This amount is properly included in the amount in controversy when assessing whether CAFA's jurisdictional requirements are satisfied. *See, e.g.*, *Copple*, 2022 WL 3357865, at *7 (W.D. Wash. Aug. 2, 2022) (finding defendant's reliance on retail credit monitoring costs reasonable and sufficient to satisfy the $5 million threshold); *Porras*, 2016 WL 4051265, at *3 (including cost of providing credit-monitoring services in evaluating amount in controversy); *Fielder v. Penn Station Inc.*, No. 1:12-cv-2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013) (finding CAFA amount in controversy requirement satisfied in light of class size and cost of credit monitoring services); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (same).

26. While CAFA's amount in controversy threshold is easily satisfied based on damages sought for identity theft and credit monitoring alone, the Complaint requests other forms of relief that also must be considered in the amount in controversy and that further demonstrate that CAFA's jurisdictional threshold is satisfied, including:

---

[5] 5,000 putative class members × ($200 per year × 5 years) = $5,000,000. As above, NWRPC does not concede this to be a proper measure of the putative class's damages, if any.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 9

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

a.      **Lost Time**: Plaintiff seeks, on behalf of the Putative Class, "treble damages" under the Washington State Consumer Protection Act for "time and expenses related to monitoring their financial accounts for fraudulent activity." Compl. ¶¶ 247, 248, 256, 257. Requests for treble damages under the Washington State Consumer Protection Act are properly included in assessing the amount in controversy.[6] *See Wise v. Long*, 668 F. Supp. 3d 1145, 1151–52 (W.D. Wash. 2023). The Complaint alleges that "Plaintiff has spent significant time dealing with the Data Breach." Compl. ¶ 121. Though NWRPC does not concede these allegations and denies that Plaintiff or the members of the Putative Class could ever recover any amount for lost time, assuming that each Putative Class member spent 5 hours of time at a minimum wage of $16 per hour, this category of damages places in excess of $2,400,000 in controversy, given that there are greater than 10,000 Putative Class members.[7] This is in addition to the cost of credit monitoring.

b.      **Lost Value of PII**. Plaintiff seeks, on behalf of the Putative Class, "treble damages" under the Washington State Consumer Protection Act associated with "loss of value of their PII." Compl. ¶¶ 247, 248, 256, 257. Though NWRPC does not concede that the value of the Putative Class's PII has decreased as a result of the cyberattack, disputes that Plaintiff has accurately quantified the monetary value of hers or any Putative Class member's PII, and denies that Plaintiff or the members of the Putative Class could ever recover any amount for the alleged

---

[6] RCW § 19.86.090 indicates that treble damages awards under the Washington State Consumer Protection Act "may not exceed twenty-five thousand dollars." For purposes of calculating the amount in controversy at issue in a class action, however, this statutory cap is analyzed as if it applies separately to each class member, not to the entire class as a whole. *Peck v. Cingular Wireless, LLC*, No. C09-106Z, 2009 WL 775385, at *2 (W.D. Wash. Mar. 20, 2009) (citing *Smith v. Behr Process Corp.*, 54 P.3d 665 (Wash. App. 2002)).

[7] 10,000 putative class members × (5 hours × $16 per hour) × 3 for treble damages = $2,400,000. As above, NWRPC does not concede this to be a proper measure of the putative class's damages, if any.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

loss of value of their PII, Plaintiff alleges in the Complaint that the "inherent market value" of a person's PII can be "as much as $363 per record." Compl. ¶¶ 102, 103. Given that there are greater than 10,000 Putative Class members, this request for damages places into controversy in excess of $10,890,000.[8]

      c.     **Attorneys' Fees**. The Complaint also seeks an award of "attorneys' fees and costs, and any other expenses, including expert witness fees, as provided by RCW § 19.86.090." Compl. ¶ 248 and p.54. Under governing Ninth Circuit law, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The value of statutory attorneys' fees under Washington law thus must be included in assessing the amount in controversy and is additional evidence that the jurisdictional threshold is plainly met here.

      Attorneys' fees under RCW § 19.86.090 are calculated using the lodestar method. *Svendsen v. Stock*, 23 P.3d 455, 462 (Wash. 2001) (en banc). The lodestar method calculates an attorneys' fee award "by multiplying the reasonable hourly rate by the reasonable number of hours incurred." *Id.* It is reasonable to expect that plaintiffs' counsel will expend between 2,000 hours at the low end and 5,000 hours at the high end to litigate this case through trial. Plaintiffs' lawyers in cases involving the theft of personal information routinely spend hundreds of hours litigating them, even when they are resolved very early. In data breach litigation against Checkers, for example, the plaintiffs' lawyers incurred over 600 hours of time working on the litigation from when it was filed to when it settled, even though the case involved no motion practice whatsoever and did not otherwise advance beyond the initial stages. *See Cotter v. Checkers Drive-In Rests.,*

---

[8] 10,000 putative class members × $363 per record × 3 for treble damages = $10,890,000.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 11

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Inc.*, No. 8:19-cv-01386-VMC-CPT (M.D. Fla. Oct. 23, 2020), Dkt. No. 47 at 7 ("In total, Plaintiffs' counsel incurred 620.3 hours to date in this litigation . . . ."). Similarly, the plaintiffs' lawyers in a data breach class action against Intercontinental Hotels Group spent "more than 665 hours working on the litigation," even though it settled before the motion to dismiss was decided and did not otherwise advance beyond the initial stages. *See Orr v. Intercontinental Hotels Grp., PLC*, No. 1:17-cv-01622 (N.D. Ga. July 22, 2020), Dkt. No. 75-2 ¶ 5. And in the Wendy's consumer data breach class action, which was briefed through class certification (but which settled well before trial), the plaintiffs' lawyers spent nearly 5,000 hours litigating the case. *See Torres v. Wendy's Int'l, LLC*, No. 6:16-cv-00210 (M.D. Fla. Feb. 14, 2019), Dkt. Nos. 153-1, 153-2 (declarations in support of attorneys' fee request showing a total of 4,771.60 hours spent on the case); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-md-02994 (S.D. Fla. July 26, 2024), Dkt. 324-1 ¶ 15 (indicating in declaration in support of motion for attorneys' fees that plaintiffs' lawyers spent more than 6,800 hours litigating the case through class certification briefing).

Plaintiff is represented by two lawyers—Jeff Ostrow and Kaleigh N. Boyd—at different firms. According to a declaration recently filed in federal court, Jeff Ostrow has an hourly rate of $1,100.00 per hour. *In re Christie's Data Breach Litig.,* No. 1:24-cv-04221 (S.D.N.Y. May 6, 2025), Dkt. No. 60-1 ¶ 21. Kaleigh N. Boyd has an hourly rate of $600 per hour, according to an October 2024 declaration submitted in support of a motion for attorneys' fees in a data breach class action litigation matter. *Hightower v. Receivables Performance Mgmt., LLC*, No. 2:22-cv-01683 (W.D. Wash. Oct. 18, 2024), Dkt. 79 ¶ 34. Even assuming that all the work will be performed by Ms. Boyd (the less expensive of the two lawyers who have appeared for Plaintiff)

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 12

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and taking 2,000 hours as a conservative estimate of a reasonable number of hours required to litigate this case through trial, the amount of attorneys' fees that are properly included in the amount in controversy is $1,200,000. This amount is further evidence that CAFA's $5 million jurisdictional threshold is satisfied.

d. **Declaratory and Injunctive Relief**. The Complaint also seeks declaratory and injunctive relief. Compl. ¶¶ 171, 248. The cost for NWRPC to comply with the requested injunctive relief must also be included in assessing the amount in controversy and is further evidence that CAFA's jurisdictional threshold is satisfied. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (noting that the cost of complying with the injunction is included in the amount in controversy when a plaintiff seeks injunctive relief).

27. In sum, the Complaint places in controversy at least $5,000,000, and CAFA's jurisdictional threshold is satisfied.

## CONCLUSION

28. In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than any defendant; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met.

29. Accordingly, federal subject matter jurisdiction over this action exists.

30. NWRPC reserves the right to amend this Notice of Removal.

WHEREFORE, NWRPC removes the Action from the Superior Court of Pierce County, Washington, to this Court.

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 10th day of June, 2025.

CORR CRONIN LLP

*s/ Maia Robbins*
Maia Robbins, WSBA No. 54451
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
Email: mrobbins@corrcronin.com

CORR CRONIN LLP

*s/ Michael Moore*
Michael Moore, WSBA No. 27047
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
Email: mmoore@corrcronin.com

ALSTON & BIRD

Gavin Reinke, Georgia Bar No. 159424 (*Pro Hac Vice Application Forthcoming*)
Nicole Weeks, Georgia Bar No. 871597 (*Pro Hac Vice Application Forthcoming*)
1201 West Peachtree Street
Atlanta, GA 30309
Ph: (404) 881-728
Email: gavin.reinke@alston.com
     nicole.weeks@alston.com

*Counsel for Defendant Jireh Holdings, LLC d/b/a Northwest Retirement Plan Consultants, LLC*

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 14

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# DECLARATION OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin, attorneys for Defendant Attorneys for Defendants Jireh Holdings, LLC d/b/a Northwest Retirement Consultants, LLC.

2. On this date, I caused a true and correct copy of the foregoing document to be served on the following parties via ECF:

| | |
|---|---|
| Kaleigh N Boyd, WSBA No. 52684<br>TOUSLEY BRAIN STEPHENS PLLC<br>1200 Firth Ave., Suite 1700<br>Seattle, WA 98101<br>Phone: (206) 340-5991<br>Email: kboyd@tousley.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☒ Via electronic mail |
| Jeff Ostrow (*Pro Hac Vice Forthcoming*)<br>KOPELOWITZ OSTROW<br>FERGUSON WEISELBERG GILBERT<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, Florida 33301<br>Phone: (954) 525-4100<br>Email: ostrow@kolawyers.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☒ Via electronic mail |

*Counsel for Plaintiff and the Putative Class*

| | |
|---|---|
| Mark A. Hood, WSBA No. 20152<br>VANDEBERG JOHNSON GANDARA PC<br>1201 Pacific Avenue, Suite 1900<br>PO Box 1315<br>Tacoma WA 98401<br>Phone: (253) 383-3791<br>Email: mhood@vjglaw.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☒ Via electronic mail |

*Counsel for Co-Defendants Universal Auto Group I, Inc., d/b/a Tacoma Dodge Chrysler Jeep*

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 15

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  I declare under penalty of perjury under the laws of the state of Washington that the
2  foregoing is true and correct.
3  DATED this 10th day of June, 2025, at Seattle, Washington.

*s/ Darby Blyther*
Darby Blyther, Legal Assistant

DEFENDANT JIREH HOLDINGS, LLC d/b/a NORTHWEST
RETIREMENT PLAN CONSULTANTS, LLC's NOTICE OF REMOVAL - 16

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900